IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ERIC FLORES,

        Plaintiff,

   v.

UNITED STATES ATTORNEY GENERAL
and FEDERAL BUREAU OF INVESTIGATION,

        Defendants.

Case No. 1:15-cv-00644-CL

**REPORT &
RECOMMEDATION**

CLARKE, Magistrate Judge.

    Plaintiff Eric Flores ("Plaintiff") seeks to proceed in forma pauperis ("IFP") in this action. For the reasons stated below, the Court recommends that Plaintiff's Complaint (#1) be DISMISSED and his IFP application (#2) and Motion for Transfer to Multidistrict Litigation (#1-3) be DENIED as moot.

**LEGAL STANDARD**

    Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant

Page 1 – REPORT & RECOMMENDATION

to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Id. The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. Id.

Pro se pleadings are held to less stringent standards than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefits of any doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se

litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Id.

## DISCUSSION

Plaintiff seeks to initiate a class action lawsuit "on behalf of a protected class of Mexican American citizens" comprised primarily of his family. Compl., at 2. He alleges constitutional violations and seeks relief from imminent danger. Plaintiff's Complaint (#1) is disjointed and difficult to read. However, given Plaintiff's pro se status, the Court has construed it liberally to discuss the following matters.

First, Plaintiff alleges his right to free speech was violated by an "organized group of executive employees of the federal government" who retaliated against him for commencing a civil case against the El Paso County Sheriff. Compl., at 8. Specifically, Plaintiff asserts the group used "advanced technology with a direct signal to the satelite [sic] in outerspace [sic] that has the capability of calculateing [sic] genetic code to cause [his uncle] severe heart pain" leading to his death. Compl., at 8. Plaintiff alleges the group influenced medical examiners to fabricate autopsy reports stating that Plaintiff's uncle died of natural causes. Thereafter, the group "unlawfully setup their own courts of common law" to simulate the legal process and prevent Plaintiff's claims from being heard. Compl., at 9. When Plaintiff filed a judicial misconduct complaint with the Fifth Circuit, the group compelled someone to impersonate a campus police officer and "instigate a physical altercation" with Plaintiff that lead to his unlawful incarceration and dismissal from community college. Compl., at 13. The group interfered with Plaintiff's ability to send mail during his incarceration and used satellite signals to cause Plaintiff severe pain. When a postal employee agreed to investigate the disappearance of

Plaintiff's outgoing mail, the group used signals to cause the employee's death and then fabricated his autopsy report.

Plaintiff also alleges the group used "advanced technology with a direct signal to a satellite in outerspace [sic]" to break up multiple marriages within his family in violation of the First Amendment's protection of the free exercise of religion. The satellite signals "profoundly disrupt[ed] the personality and senses" of various family members, causing them to violate the commandment against adultery. Compl., at 23, 25, 30, 35, 37, 41, 48. Plaintiff alleges the signals have caused the death of multiple family members. He surmises that this will only continue because the group is committed to "carry on with the tradition of causing the death of" one of Plaintiff's brothers every time his sister gives birth. Compl., at 53.

This is not the first time Plaintiff has attempted to litigate these, or similar, claims. Plaintiff filed the Complaint currently pending before this Court with 28 other United States courthouses. Compl., Ex. 1. Over the years, he has filed similar claims in federal courts across the country. Those courts have summarily dismissed as frivolous Plaintiff's claims of government employees directing satellite transmissions at Mexican-American citizens. See Flores v. United States Attorney Gen., No. 1:14-CV-198, 2015 WL 1088782, at *1 (E.D. Tex. Mar. 4, 2015); Flores v. U.S. Dep't of Health & Human Servs., No. 2:14-CV-33-RMP, 2014 WL 549476, at *1 (E.D. Wash. Feb. 11, 2014); Flores v. U.S. Atty. Gen., No. CIV. 13-00393 DKW, 2013 WL 4663053, at *1 (D. Haw. Aug. 29, 2013); Flores v. U.S. Atty. Gen., No. 5:13-CV-33, 2013 WL 969057 (D. Vt. Mar. 12, 2013); Flores v. United States Attorney General, 442 F.App'x 383, 385 (10th Cir. 2011); Flores v. United States Attorney General, 434 F.App'x 387, 388 (5th Cir. 2011); Flores, et al. v. United States, 2011 WL 1457142, at *4 (Fed. Cl. April 8, 2011);

Flores v. U.S. Atty. Gen., No. EP-10-CV-256-PRM, 2010 WL 5540951, at *4 (W.D. Tex. Sept. 29, 2010).

This Court reaches the same conclusion. Even liberally construing Plaintiff's Complaint, it is facially frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (a complaint "is frivolous where it lacks an arguable basis either in law or in fact."); see also Denton v. Hernandez, 504 U.S. 25, 32–33 (1992) (a complaint lacks an arguable basis if "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional"). Plaintiff's allegations are more than unlikely. They are "irrational and . . . wholly incredible[.]" Denton, 504 U.S. at 33. Moreover, Plaintiff has failed to establish that venue is proper in this Court. 28 U.S.C. § 1391(b)(2).

The Court does not believe amendment could cure the deficiencies of Plaintiff's Complaint. Plaintiff's claims have no arguable substantive basis. Even if they were artfully re-pled, dismissal would be appropriate. See Flores, 2010 WL 5540951, at *4 (denying leave to amend because amendment would not "remove [Plaintiff's Complaint] from the realm of the irrational and fantastic").

## RECOMMENDATION

Based on the foregoing, the Court recommends that Plaintiff's Complaint (#1) be DISMISSED with prejudice and his IFP application (#2) and Motion to Transfer to Multidistrict Litigation (#1-3) be DENIED as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If an objection is filed, any response to the objection is due within fourteen (14) days from the date of the objection. See FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this 24 day of April 2015.

MARK D. CLARKE
United States Magistrate Judge